IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J. MICHAEL HAND,

    Plaintiff,

vs.                               Case No. 6:10-cv-01296-SAC-KGS

WALNUT VALLEY SAILING CLUB,

    Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on the motion of defendant Walnut Valley Sailing Club pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss plaintiff's claim for relief under Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et seq. Defendant contends that Plaintiff lacks standing and fails to state a claim upon which relief may be granted under that Title. Plaintiff opposes the motion.

Plaintiff's brief and its attachments allege that he was expelled from membership in a sailing club in which he was a member for 20 years in retaliation for his opposition to a change in the storage structure for sailboats and related gear, which change plaintiff believed constituted a barrier to persons with disabilities. Defendant's motion alleges that plaintiff lacks standing to claim disability discrimination because plaintiff is not disabled. *See* Dk. 6. In response, plaintiff does not contend that he is disabled, or that he has suffered discrimination as a result of his association with a disabled person, but claims standing only under the retaliation clause of the ADA.

The Court looks to plaintiff's complaint to determine the nature of plaintiff's claims. Plaintiff's claim under Title III, the public accommodation section of the

Americans With Disabilities Act (ADA), is that "defendant has maintained structural barriers on its property that violate Title III of the ADA," and that defendant should be ordered to "commence good faith negotiations with plaintiff and officials ... that will lead to correcting the barriers that exist on defendant's property that inhibit and prevent persons with disabilities from full participation in its activities." Dk. 1, p. 1.

For his second cause of action, plaintiff alleges that defendant's retaliatory actions in removing him from membership were embarrassing and humiliating, causing him personal injury. Dk. 1, p. 1. The complaint also alleges that defendant's actions violated Kansas public policy protecting whistle-blowers. Plaintiff's prayer for relief seeks a judgment that defendant's actions "violated ADA's prohibition of retaliatory conduct," and that defendant "has maintained structural barriers on its property that violate Title III of the ADA." Dk. 1, p. 2.

Title III of the ADA prohibits disability discrimination by private entities who own or operate places of public accommodation in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(a). Section 12183 requires public accommodations and commercial facilities which alter existing facilities to do so in such a manner that the facilities are readily accessible to and usable by persons with disabilities. *See* 42 U.S.C. § 12183. Title III may be enforced by "any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this Title." 42 U.S.C. § 12188 (emphasis added). *Weese v. Associated Wholesale Grocers, Inc.*, 2000 WL 1478541, 1 (D.Kan. 2000); *Colorado Cross Disability Coalition*

*v. Hermanson Family Ltd. Partnership* I, 1997 WL 33471623, 3 (D.Colo. 1997).

The Court finds it unnecessary, given Plaintiff's response, to set forth in this order the full constitutional standing analysis applicable in federal cases. Instead, the Court finds it sufficient to remind Plaintiff that the mere psychological consequence produced by observation of conduct with which one disagrees is not an injury sufficient to confer standing under Art. III. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 485-86,4 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Instead, as the Supreme Court emphasized in *Sierra Club v. Morton*, that "the 'injury in fact' test ... requires that the party seeking review be himself among the injured." 405 U.S. 727, 734-35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

In the ADA context, constitutional limits on standing ensure that a court does not adjudicate a case "where a plaintiff does not have an actual or imminent, concrete injury, caused by the discrimination challenged in the suit, which is redressable by judicial decision." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1045 (9th Cir. 2008) (holding that a disabled plaintiff in a Title III barrier cases had standing to sue for injunctive relief for all barriers in defendant's store related to his specific disability).

> To meet the injury-in-fact requirement, "the party seeking review [must] be himself among the injured." *Id.* [A blind plaintiff] is not "among the injured" with regard to ADA violations in the building that do not affect the blind, and thus granting him standing to seek relief on behalf of all disabled individuals would expand the standing doctrine beyond the limits of Article III. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 358 & n. 6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (considering only remedies that would redress limitation experienced by plaintiff).

*Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000). Conversely, a non-disabled plaintiff is not "among the injured" with regard to ADA barrier violations that only affect persons with disabilities. Plaintiff is not a "person who is being subjected to

3

discrimination on the basis of disability" nor does he have reasonable grounds for believing that he "is about to be subjected to discrimination" under Title III. *See* 42 U.S.C. § 12188. Accordingly, plaintiff's claim under Title III is dismissed for lack of standing.

Alternatively, plaintiff's claim under Title III is dismissed for failing to state a claim upon which relief can be granted. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's ... complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). The court accepts all well-pled factual allegations as true and views these allegations in the light most favorable to the nonmoving party. *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1142 (2010). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009).

> The Supreme Court recently clarified the focus of such motions:
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face*." Id.* [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

*Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

4

suffice." *Iqbal*, 129 S.Ct. at 1949.

The elements of a prima facie case under Title III of the ADA, derived directly from the statutory language, include: 1) the plaintiff has a disability; 2) the place that the defendant owns, leases, or operates is a place of public accommodation; and 3) the plaintiff was denied full and equal enjoyment because of his disability. *MacClymonds v. IMI Investments, Inc.* 2007 WL 1306803, 3 (S.D.Tex. 2007); *Parr v. L & L Drive-Inn Rest.*, 96 F.Supp.2d 1065, 1085 (D.Haw. 2000).[1] Because plaintiff has not alleged that he has a disability or was denied full enjoyment of the Walnut Valley Sailing Club storage facility because of his disability, he has failed to make a prima facie case under Title III.

IT IS THEREFORE ORDERED that defendant's motion to dismiss Plaintiff's claim under Title III is granted.

Dated this 21st day of December, 2010.

s/ Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge

---

[1] Additional elements of the prima facie case will depend on the specific factual assertions. Where, as here, a plaintiff claims discrimination on account of an architectural barrier, the plaintiff must also prove that (1) the existing facility at the defendants' place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).