IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J. MICHAEL HAND,

        Plaintiff,

vs.                        Case No. 6:10-cv-01296-SAC-KGS

WALNUT VALLEY SAILING CLUB,

        Defendant.

MEMORANDUM AND ORDER

This case, which challenges plaintiff's expulsion from a sailing club, comes before the Court on the following motions: 1) defendant's motion to dismiss plaintiff's whistle blower claim for failure to state a claim for relief; and 2) plaintiff's motion for leave to amend its complaint out of time.

**I. Motion to dismiss**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's ... complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The court accepts all well-pled factual allegations as true and views these allegations in the light most favorable to the nonmoving party. *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1142 (2010). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).

The Supreme Court recently clarified that focus of such motions is to determine whether the complaint has facial plausibility:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* [ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

*Iqbal*, --- U.S. ----, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### Necessity of employee-employer relationship

Defendant seeks to dismiss plaintiff's whistle blower claim because Kansas does not recognize that tort outside the employee-employer context. Plaintiff's complaint and proposed amended complaint contend that defendant's retaliatory actions in removing him from the sailing club violated Kansas public policy protecting whistle blowers.[1] Neither the complaint nor the amended complaint alleges that plaintiff is or was an employee of the defendant.

Plaintiff's complaint alleges that he sent a letter on an unspecified date to Governor Parkinson about defendant's violations of the ADA, and that the club's Board of Governors thereafter cited such letter as part of their "just cause" for his expulsion from the sailing club. Plaintiff complains that this act violates not only the ADA's opposition or retaliation clause, but also Kansas public policy protecting whistle blowers.

Plaintiff relies upon the general public policy which motivated the Kansas Supreme Court's adoption of the tort, as expressed below.

---

[1]*See* Dk 1, p. 2; Dk. 15, p. 2.

2

> Public policy requires that citizens in a democracy be protected from reprisals for performing their civil duty of reporting infractions of rules, regulations, or the law pertaining to public health, safety, and the general welfare.

The Court's holding, however, is narrower than the broad public policy grounds.

> Thus, we have no hesitation in holding termination of an employee in retaliation for the good faith reporting of a serious infraction of such rules, regulations, or the law by a co-worker or an employer to either company management or law enforcement officials (whistle-blowing) is an actionable tort. To maintain such action, an employee has the burden of proving by clear and convincing evidence, under the facts of the case, a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and the employee was discharged in retaliation for making the report. However, the whistle-blowing must have been done out of a good faith concern over the wrongful activity reported rather than from a corrupt motive such as malice, spite, jealousy or personal gain.

*Palmer v. Brown*, 242 Kan. 893, 900, 752 P.2d 685, 689 - 690 (1988).

The whistle blower protection plaintiff seeks here is a Kansas common law public policy exception to the rule of employment at will. *Riddle v. Wal-Mart Stores. Inc.*, 27 Kan.App.2d 79, 85, 998 P.2d 114, 119 (2000). Accordingly, the tort has not been expanded to cover situations outside the traditional employee-employer relationship. *See e.g., Zinn v. McKune*, 143 F.3d 1353, 1363 (10th Cir. 1998) (affirming rejection of plaintiff's whistleblower claim because defendant was not plaintiff's employer under state law); *Cf, Vesom v. Atchison Hosp. Ass'n,* 2006 WL 2714265, 25 (D.Kan. 2006) (finding independent contractor not protected by Kansas whistle blower statute, because the "tort is only an exception to the employment-at will doctrine and is based on "the wrongful conduct of an entity with the power to terminate the employee."). Plaintiff's complaint does not allege that he was an employee of defendant, and this court finds no reason to believe that the Kansas Supreme Court would extend whistle

blower protection to one who does not allege he was an employee.

In response to the motion to dismiss, plaintiff does proffer an affidavit for the purpose of showing that he is an employee of the club, stating that he receives partial credit on his annual club dues in exchange for his planning one party a year for the club. The court declines to consider this evidence since this is a motion to dismiss which rests on the contents of the complaint alone. *See Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010). In the alternative, however, the court finds that plaintiff's exchange of party-planning services for credit toward his club dues does not constitute an employment relationship of the type protected by the Kansas whistle blower public policy exception. *See Zinn*, 949 F.Supp. 1530, 1537-38 (holding plaintiff had not presented evidence of a clear and convincing nature establishing she was a Department employee).

It is not this court's role to extend state common law based on public policy, outside the boundaries established by state law. *See Vesom,* 279 Fed.Appx. at 639-640 ("[Plaintiff] may be able to persuade the Kansas legislature to modify the existing [whistle blower] statutes, [but] it is not our place to create new law for the Kansas legislature or its state courts."); *Graham v. Dokter Trucking Grp.*, 284 Kan. 547, 161 P.3d 695, 703 (2007) ("[P]ublic policy is usually the arena of the legislative branch."); *Palmer,* 752 P.2d at 687-88 ("Before courts are justified in declaring the existence of public policy, ... it should be so thoroughly established as a state of public mind so united and so definite and fixed that its existence is not subject to any substantial doubt.") (quotation omitted). Accordingly, dismissal of this claim is warranted on the basis of plaintiff's failure to plead or prove an employee-employer relationship.

**B. Presence of adequate alternative remedy**

Alternatively, under Kansas law, "an adequate alternative remedy precludes a common-law retaliatory discharge action." *Merkel v. Leavenworth County Emergency Med. Serv.*, 2000 WL 127266, at *12 (D. Kan. Jan. 4, 2000) (quoting *Flenker v. Willamette Indus., Inc.*, 266 Kan. 198, 209, 967 P.2d 295, 303 (1998)) (recognizing the general applicability of the alternative remedies doctrine in whistle blower cases where a statute provides an adequate remedy. *Id.* at 203-04, 967 P.2d at 300.) In *Polson v. Davis*, 895 F.2d 705, 709-10 (10th Cir. 1990), the Tenth Circuit held that the Kansas Supreme Court would not allow a common law cause of action for retaliatory discharge when an adequate statutory remedy exists via the Kansas Act Against Discrimination. That same rationale prevents plaintiffs from asserting a state common law cause of action for retaliation when they have an adequate federal statutory remedy. *See Conner v. Schnuck Markets*, Inc., 121 F.3d 1390, 1399 (10th Cir. 1997) (citing *Masters v. Daniel Int'l Corp.*, 917 F.2d 455, 457 (10th Cir. 1990)).

Accordingly, where the factual allegations underlying a plaintiff's public policy whistle blower claim are the same as those underlying a federal claim which provides an adequate alternative remedy for plaintiff, the state claim is properly dismissed. *See e.g., Quinn v. City of Bel Aire, Kansas*, 2007 WL 628186 (D.Kan. 2007) (dismissing whistle blower claim because adequate remedy was found in plaintiff's First Amendment claim); *Scott v. Combined Ins. Co. of America*, 2006 WL 2540305, 10 (D.Kan. 2006) (dismissing whistle blower claims because plaintiffs had also asserted a state and federal remedy for the same acts under Title VII and the KAAD); *Bunker v. City of Olathe*, 2001 WL 230364, at *2-*3 (D.Kan. 2001) (Kansas courts will not entertain a common law whistle blower claim as an exception to the at-will employment doctrine

5

where a state or federal statute provides an adequate, alternative remedy to the common law cause of action); *Merkel v. Leavenworth County Emergency Medical Services*, 2000 WL 127266, 12 -13 (D.Kan. 2000) (dismissing whistle blower claim where §1983 provided alternate remedy for free speech claim). Thus in order to prevail on his whistle blower claim, plaintiff must show not only that Kansas public policy protects the conduct on which his claim is based, but also that he has no adequate alternative state or federal remedy. *See Harris v. Bd. of Public Utilities of Kansas City, Kan.*, 757 F.Supp. 1185, 1194 (D.Kan.1991); *Lines v. City of Ottawa, Kansas*, 2003 WL 21402582, 10 (D.Kan. 2003). In this case, plaintiff can do neither.

Plaintiff's complaint alleges that defendant's retaliatory actions in removing him from the sailing club violate the Kansas public policy protecting whistle blowers, and violate the ADA's opposition clause. The same factual basis gives rise to both claims. The ADA's opposition clause which plaintiff relies upon states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act." 42 U.S.C. §12203(a). This clause is not limited to employees or employers, but instead protects the plaintiff as "any individual" against prohibited ADA retaliation.

The statutory remedies available under the ADA are comprehensive and are sufficient to vindicate Kansas's public policy goals and to provide adequate alternative relief to plaintiff. They thus foreclose a separate cause of action for violation of Kansas public policy. Plaintiff's whistle blower claim, both as stated in his original complaint and as proffered in his amended complaint, is subject to dismissal for this reason.

**II. Motion to Amend**

Plaintiff's motion to amend his complaint was untimely filed, but defendant does not challenge it on that basis, and the Court finds no undue delay.

Plaintiff's counsel does not state the reason for the proposed amendment, but offers only his belief that "the amendments are minor and do not prejudice the defense." (Dk. 15.) Defendant opposes the amendment as futile, alleging the amendments do nothing except to label the allusions to whistle blowing in plaintiff's original complaint as a third cause of action.

Amendments of pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, which states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Plaintiff has not attempted to show the court that justice requires amendment of his complaint, has not stated the purpose or reason for desiring an amendment, has not informed the court of any changes,[2] and concedes that the unspecified amendments are minor. While leave to amend "shall be freely given when justice so requires," *ibid.*, justice does, after all, have to require it..." *Mayle v. Felix*, 545 U.S. 644, 665-666 (2005).

Refusal to grant leave to amend is justified when the amendment will be futile. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary

---

[2] It is the duty of the movant to bring material changes to the court's attention by means of a motion, not the court's duty to ferret them out by its own comparison of the original to the amended complaint.

7

judgment. *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). A court faced with a challenge to a motion to amend based on the futility defense therefore will "consider the sufficiency of the claims that the moving party seeks to add" in the party's proposed amended complaint. *Jefferson County School Dist. No. R-1 v. Moody's Investor's,* 175 F.3d 848, 859 (10th Cir. 1999).

The Court, having reviewed the proposed amended complaint, agrees that there is little if any substance in the proposed amendments and that the proposed changes are largely, if not completely, stylistic. The primary thrust of the amended complaint appears to be to restate plaintiff's cause of action for whistle blowing.[3] To the extent that the proposed amendments relate to the cause of action for whistle blowing, the amendments are futile, given the Court's rulings above. No other substantive changes have been alleged. Accordingly, for all the reasons stated herein, plaintiff's motion to amend shall be denied.

IT IS THEREFORE ORDERED that defendant's motion to dismiss plaintiff's whistle blower claim (Dk. 17) is granted.

IT IS FURTHER ORDERED that plaintiff's motion to amend (Dk. 15) is denied.

Dated this 24th day of March, 2011.

s/ Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge

---

[3] In fact, this is the sole basis for amendment argued by plaintiff's counsel in his reply brief, Dk. 21.