# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

J. MICHAEL HAND,         )
                         )
      Plaintiff,      )
                         )
v.                       )   Case No. 10-1296-SAC
                         )
WALNUT VALLEY SAILING CLUB, )
                         )
      Defendant.      )

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Defendant's Motion for Leave to File Amended Answer Asserting Counterclaim (ECF No. 42) and Motion for Temporary Restraining Order (ECF No. 44). For the reasons stated below, the Court recommends that Defendant's motions be denied.[1]

## I.   Background

Plaintiff J. Michael Hand ("Plaintiff") is a former member of Defendant Walnut Valley Sailing Club ("Defendant" or the "club").[2] In late 2009 or early 2010, Defendant was in the process of converting (or had converted) a moving van into a storage facility for boat equipment and was determining where to place the structure on club property.[3] Plaintiff alleges he opposed the location of the facility because it constituted a barrier to individuals with disabilities in violation of Title III

---

[1] When a magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in a case, several courts have found such a ruling to be dispositive for which review may be sought pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008).

[2] Compl., ECF No. 1.

[3] *See id.* It is not clear from the pleadings whether the storage facility was already in existence and was simply being moved to a new location on the club's property or whether it was a completely new storage facility.

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*[4] In early 2010, Plaintiff sent a letter to Governor Parkinson expressing his concern that the storage facility violated the ADA.[5]

On March 15, 2010 – after Defendant learned of Plaintiff's letter to Governor Parkinson – Plaintiff was expelled from membership in the club.[6] On September 3, 2010, Plaintiff filed this lawsuit alleging Defendant expelled him from the club in retaliation for his opposition to the storage facility and that this purported conduct violates Title III of the ADA and Kansas public policy.[7]

In the instant motion, Defendant alleges Plaintiff visited the club on May 28, 2011 and June 4, 2011. Defense counsel then sent Plaintiff's counsel a letter informing him that Plaintiff should cease and desist visiting the club.[8] Plaintiff purportedly visited the club again and refused to leave after being asked to do so by the Secretary of Defendant's Board of Governors. In the pending motions, Defendant seeks leave to add a counterclaim for trespass based upon Kansas state law and also moves for a temporary restraining order preventing Plaintiff from entering the premises of Walnut Valley Sailing Club during the pendency of this lawsuit.

**II.    Analysis**

   A.    <u>Motion to Amend</u>

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. A party may amend

---

[4] *Id.*

[5] *Id.*, Ex. 1.

[6] *Id.*, Ex. 2.

[7] *Id.* The claim based on Kansas public policy has since been dismissed. *See* ECF No. 23.

[8] Decl. of Jason D. Stitt, Ex. 1, ECF No. 45-1.

2

a pleading once as a matter of course within twenty-one days after serving the pleading or within twenty-one days after service of a responsive pleading if one is required.[9] Otherwise, a party may amend only by leave of the court, and such leave shall be freely given when justice so requires.[10] Because it has been more than twenty-one days since Defendant filed its answer, the Court must determine whether to grant Defendant leave to amend. The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[11] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of the amendment.[12]

Fed. R. Civ. P. 8(a)(1) provides that a claim for relief, including a counterclaim, must contain a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support. The facts supporting jurisdiction must be affirmatively alleged in the pleading, and the burden to establish jurisdiction lies with the party asserting it.[13]

Plaintiff's only remaining claim in this case is based upon Title III of the ADA. Defendant seeks leave to add a claim for trespass based upon Kansas state law. Because Defendant's proposed counterclaim is not based upon the ADA, Defendant was required to include a statement of the

---

[9] Fed. R. Civ. P. 15(a).

[10] *Id.*

[11] *Stewart v. Bd. of Comm'rs*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1993)).

[12] *Id.*

[13] *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

grounds for jurisdiction in its proposed pleading. Defendant failed to do so. For that reason alone, Defendant's proposed counterclaim is deficient.[14]

Moreover, the Court does not believe it has subject matter jurisdiction over Defendant's proposed counterclaim. Federal courts are courts of limited jurisdiction[15] and "possess only that power authorized by [the] Constitution and statute."[16] Congress has bestowed upon the courts the power to hear controversies arising under federal law – federal question jurisdiction – and controversies arising between citizens of different states in excess of $75,000 – diversity jurisdiction.[17]

Here, Defendant seeks to assert a state law claim for trespass against Plaintiff. Thus, the proposed counterclaim does not appear to arise under federal law.[18] Further, there are no facts supporting the exercise of diversity jurisdiction. Plaintiff is a resident of Kansas.[19] According to the Kansas Secretary of State, Defendant is a Kansas not-for-profit corporation. Thus, the parties do not appear to be citizens of different states. There is also no indication that the amount of the counterclaim exceeds $75,000.

---

[14] *See United States v. Failla*, 120 F. Supp. 797, 802 (D.N.J. 1954), *aff'd*, 219 F.2d 212 (3d Cir. 1955) (holding that a counterclaim, which did not contain a statement of the grounds upon which court's jurisdiction depended, was defective on its face).

[15] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[17] *See* 28 U.S.C. §§ 1331, 1332.

[18] The federal question must appear on the face of a well-pleaded complaint; an anticipated or actual defense does not suffice. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

[19] Compl. ¶ 1, ECF No. 1.

It is also well established, however, that once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims under certain circumstances.[20] Congress has codified the concept of supplemental jurisdiction at 28 U.S.C. § 1367, which states in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Because the Court has subject matter jurisdiction over Plaintiff's ADA claim, the Court may exercise supplemental jurisdiction over Defendant's counterclaim if it forms part of the "same case or controversy" as Plaintiff's ADA claim.[21] In other words, Plaintiff's ADA claim and Defendant's counterclaim for trespass must derive from "a common nucleus of operative fact."[22] Generally, courts do not find a common nucleus of operative fact when there is little evidentiary overlap between the claims.[23]

In this case, Plaintiff's ADA claim and Defendant's proposed counterclaim do not appear to share any common issues of fact or law. The central issue in Plaintiff's ADA claim is whether Defendant expelled Plaintiff from the club in retaliation for Plaintiff opposing the location of the storage facility based upon a purported ADA violation. Defendant appears to contend that Plaintiff's

---

[20] *Exxon Mobil Corp.*, 545 U.S. at 552.

[21] *See Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 640733, at *1 (D. Kan. Mar. 6, 2008) ("The Court may, it its discretion, exercise supplemental jurisdiction over state law counterclaims which are sufficiently related to a pending federal claim.").

[22] *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997).

[23] *See Wilhelm*, 2008 WL 640733, at *3.

opposition to the facility was based upon aesthetic concerns, not any good faith concern the storage facility violated the ADA. These events occurred in late 2009 and early 2010, and evidence relating to this claim will likely consist of minutes from various board meetings, correspondence between Defendant and Plaintiff, correspondence from Plaintiff to various members of the club, Plaintiff's letter to Governor Parkinson, and the testimony of Plaintiff and others concerning the events surrounding Plaintiff's expulsion from the club in 2010.

Defendant's claim for trespass centers on events that occurred in May and June 2011 – more than one year after Plaintiff was expelled from the club. There does not appear to be any evidentiary overlap between Plaintiff's ADA claim and Defendant's claim for trespass. For example, the issue presented in Defendant's Motion for Temporary Restraining Order is whether Plaintiff had permission/authority to be at the club as a guest of another club member or whether Defendant had the right to exclude Plaintiff, notwithstanding his status as a guest. These issues do not appear to have any relationship to or overlap with Defendant's motivation for excluding Plaintiff from the club in March 2010. Further, there does not appear to be a common legal question between the claims. Neither party suggests that Defendant's claim for trespass is dependent upon resolution of Plaintiff's ADA claim.[24]

For the foregoing reasons, the Court does not believe Defendant's state law claim for trespass is part of the same case or controversy as Plaintiff's ADA claim.

Prior to enactment of 28 U.S.C. § 1367 in 1990, some courts determined supplemental

---

[24] During this litigation, Defendant has taken the position that even if Plaintiff prevails on his ADA claim, Plaintiff is not entitled to reinstatement as a member of the sailing club under the ADA. *See* Def.'s Resp. in Opp'n to Pl.'s Mot. for Injunctive Relief, ECF No. 29.

jurisdiction based upon whether the counterclaim was compulsory or permissive.[25] If the claim was compulsory, courts had jurisdiction to consider it.[26] If the counterclaim was permissive, however, it had to rest upon an independent ground of jurisdiction.[27] Compulsory counterclaims arise out of the same "transaction or occurrence that is the subject matter of the opposing party's claim."[28]

Since enactment of Section 1367, the Tenth Circuit has not determined whether supplemental jurisdiction depends on the distinction between a compulsory and permissive counterclaim.[29] Various other courts, including at least one district court in the Tenth Circuit, have concluded that Section 1367 supercedes case law on supplemental jurisdiction that distinguished between compulsory and permissive counterclaims.[30] The Court does not need to resolve this issue because, under the facts of this case, the Court's analysis would not change by applying the compulsory/permissive distinction.[31]

In the Tenth Circuit, a counterclaim is compulsory if: (1) the issues of fact and law raised by the claim and counterclaim are largely the same; (2) res judicata would bar a subsequent suit on

---

[25] *See Wilhelm*, 2008 WL 640733, at *1 n.1 (citing pre-1990 cases).

[26] *Adamson v. Dataco Derex, Inc.*, 178 F.R.D. 562, 564 (D. Kan. 1998).

[27] *Id.*

[28] Fed. R. Civ. P. 13(a)(1)(A).

[29] *See Wilhelm*, 2008 WL 640733, at *1 n.1.

[30] *Walker v. THI of New Mexico at Hobbs Ctr.*, No. CIV. 09-0060 JB/KBM, 2011 WL 2429267, at *10 (D.N.M. May 20, 2011).

[31] *See Wilhelm*, 2008 WL 640733, at *1 n.1. (applying compulsory/permissive distinction would not affect court's analysis of subject matter jurisdiction); *Crow v. Uintah Basin Elec. Telecomms.*, No. 2:09-CV-1010 TS, 2010 WL 5069852, at *4 n.30 (D. Utah Dec. 6, 2010) (noting that both tests appear to be the same analysis under different names).

a defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence supports or refutes plaintiff's claim as well as defendant's counterclaim; (4) there is a logical relation between the claim and the counterclaim.[32] For the same reasons already discussed above, it does not appear that Defendant's proposed counterclaim arises out of the same transaction or occurrence as Plaintiff's ADA claim.

Because the Court does not appear to have subject matter jurisdiction over Defendant's counterclaim, the Court recommends that Defendant's Motion to Amend be denied.

B.     Motion for Temporary Restraining Order

Defendant's Motion for Temporary Restraining Order is based upon Defendant's proposed counterclaim for trespass. Because the Court does not believe it has subject matter jurisdiction over Defendant's state law trespass claim, the Court recommends Defendant's Motion for Temporary Restraining Order also be denied.

Alternatively, Defendant requests this Court enter a Protective Order prohibiting Plaintiff from entering onto Defendant's premises absent a formal discovery request. Fed. R. Civ. P. 34(a)(2) allows a party to serve a request to permit entry onto land or other property possessed or controlled by the responding party. Fed. R. Civ. P. 26(c) provides that a party or any person from whom discovery is sought may move for a protective order including the forbidding of discovery.

Here, there is no indication Plaintiff entered onto Defendant's premises to conduct an inspection pursuant to Fed. R. Civ. P. 34(a)(2). Further, discovery in this case has now closed. This appears to be a private dispute between the parties unrelated to conducting discovery. Accordingly, the Court does not find it appropriate to enter a protective order.

---

[32] *Adamson*, 178 F.R.D. at 564.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Leave to File Amended Answer (ECF No. 42) and Motion for Temporary Restraining Order (ECF No. 44) be denied.

The parties are hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, they may file written objections thereto pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. Failure to file a timely objection waives a party's right to appeal those issues to the Court of Appeals.

**IT IS SO RECOMMENDED**.

Dated this 28th day of June, 2011 at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge