IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J. MICHAEL HAND,

        Plaintiff,

vs.                                       Case No. 10-1296-SAC

WALNUT VALLEY SAILING CLUB,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss the case as a sanction for plaintiff's disclosure of confidential information from the parties' court-ordered mediation.

**Facts**

The relevant facts are undisputed. As part of this Court's mandatory mediation process, the parties were ordered to participate in alternative dispute resolution (ADR) by a date certain. Dk. 13, p. 3. The parties did so. Later that day, plaintiff sent an e-mail to approximately 44 members of the Walnut Valley Sailing Club, essentially providing his blow-by blow description of everything that happened during the mediation. Plaintiff's e-mail detailed multiple confidential matters which occurred during the mediation, including what the mediator did and said, the specific monetary offer made by plaintiff to settle the case, what defendant's response was to the offer, the length of time that passed, how many attorneys represented defendant and how much their representation

might cost.[1] Plaintiff also disclosed the same information to non-members of the club.

**Violation of confidentiality rule - ADR**

This court's local rule requiring confidentiality of mediation matters, D.Kan. Rule 16.3 (i), states:

> ... this court, the mediator, all attorneys, the parties, and any other persons involved in the mediation must treat as "confidential information" the contents of written mediation statements, anything that happened or was said, any position taken, and any view of the merits of the case formed by any participant in connection with any mediation. "Confidential information" must not be:
> (1) disclosed to anyone not involved in the mediation process;
> (2) disclosed to the trial judge; or
> (3) discoverable or subject to compulsory process or used for any purpose ... in any pending or future proceeding in any court unless a court determines that such testimony or disclosure is necessary to:
> > (A) prevent manifest injustice;
> > (B) help establish a violation of law or ethical violation; or
> > (C) prevent harm to the public health or safety, of such magnitude in the particular case to outweigh the integrity of dispute resolution proceedings in general by reducing the confidence of parties in future cases that their communications will remain confidential.

This rule reflects the intent to protect the confidentiality of mediation communications to the maximum extent possible. *See generally* 28 U.S.C. § 652(d).

Plaintiff's brief in opposition to defendant's motion to dismiss does not dispute that plaintiff violated this confidentiality rule, nor does it contend that any exception to the rule applies. Instead, it assumes that plaintiff's e-mails violated the rule. Dk. 61, p. 7. Based upon the facts presented of record (*see* Exhibits to Dk. 49) and plaintiff's tacit admissions in his brief, the Court finds that plaintiff did violate this confidentiality rule by sending e-mails to persons not involved in the mediation process which disclosed

---

[1]Defendant has provided redacted copies of the e-mails sent by plaintiff, and members' responses to them. See Dk. 49, Exh. A - G.

confidential information including matters that happened, statements that were made, and positions that were taken during mediation. Accordingly, the only issue before the court is the appropriate sanction for plaintiff's violation.

**Sanctions for violation of confidentiality rule**

Sanctions for violating this rule are authorized by D.Kan. Rule 16.3(c)(5), which states: "In appropriate circumstances, the court may impose sanctions pursuant to Fed.R.Civ.P. 16(f)." Rule 16(f)(C) provides that "... the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(v) authorizes this court to "dismiss ... the action or proceeding in whole or in part." Accordingly, this Court has the power to grant the relief of dismissal of the case, which defendant seeks. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (affirming dismissal with prejudice for discovery violations); *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (affirming dismissal of FELA case as discovery sanction where plaintiff provided false and misleading discovery answers).

This Court has broad discretion to dismiss a case for discovery sanctions, as the Tenth Circuit recently emphasized.

> We view challenges to a district court's discovery sanctions order with a gimlet eye. We have said that district courts enjoy "very broad discretion to use sanctions where necessary to insure ... that lawyers and parties ... fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc); *see also Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir. 1965).

*Lee v. Max Intern., LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (affirming dismissal with prejudice under Rule 37(b) where litigant repeatedly disobeyed orders compelling

production of discovery). Here, plaintiff's disclosures were made while discovery was ongoing, and related to matters discussed in mediation which the court ordered as part of its duty to insure the expeditious and sound management of the preparation of cases for trial. *See* Dk. 13, p. 2; Fed.R. Civ. Pro.1. The rationale of cases imposing discovery sanctions is thus partly analogous.

The parties have not offered and the court has not located any case in this jurisdiction which has been dismissed as a sanction for a party's breach of confidentiality.[2] The sanction of dismissal of the case has been imposed in other jurisdictions for attorneys' intentional or grossly negligent violations of confidentiality requirements. *See e.g.*, *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787 (7th Cir. 2009) (affirming dismissal with prejudice as a sanction for attorney's unauthorized disclosure of a document subject to an attorneys'-eyes-only agreement); *Assassination Archives & Research Center v. C.I.A.*, 48 F.Supp.2d 1 (D.D.C. 1999) (dismissing action due to attorney's disclosure to plaintiff of records attorney had become aware of during settlement negotiations in violation of confidentiality agreement executed in connection with prior litigation); *Hi-Tek Bags, Ltd. v. Bobtron Intern.,* Inc., 144 F.R.D. 379 (C.D.Cal. 1992) (dismissing complaint with prejudice as sanction for attorney's gross negligence in failing to file confidential business records under seal, in violation of court's discovery order).

Conversely, courts have declined to dismiss where the disclosure of confidential

---

[2]Nor has the Court's research found any case in which any party to ADR has completely disclosed so many confidential matters to so many persons, and with so little justification as here.

information was merely uninformed or inadvertent. *See e.g., Valdez-Castillo v. Busch Entertainment Corp.*, 2008 WL 4999175 (S.D.Fla. 2008) (declining to dismiss despite disclosure of confidential information to the press where attorney was new to the case, was unaware that information was subject to a protective order, and thus did not act willfully or in bad faith); *Kooima v. Zacklift Intern., Inc.*, 209 F.R.D. 444 (D.S.D. 2002) (accidental forwarding by plaintiff's attorney of confidential reports of defendant's expert to plaintiff did not warrant sanction of dismissal where reports were not conspicuously marked as confidential).

Consistently, the Tenth Circuit has held that because our legal system prefers to decide cases on their merits, the sanction of dismissal should be predicated on a finding of bad faith, willfulness, or fault, rather than an inability to comply. *Lee*, 638 F.3d at 1321, citing *Archibeque*, 70 F.3d at 1174, (quoting *Nat'l Hockey League*, 427 U.S. at 640). The Tenth Circuit has suggested various factors for the district court's consideration when deciding whether to dismiss as a sanction:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992) (internal quotations omitted).

*Lee*, 638 F.3d at 1323. These factors are not a rigid test that the court must always apply. *Ehrenhaus*, 965 F.2d at 921. Instead, they are "simply a non-exclusive list of sometimes-helpful "criteria" or guide posts the district court may wish to "consider" in the exercise of what must always remain a discretionary function." *Lee*, 638 F.3d at 1323. This court may dismiss as a sanction despite the fact that some *Ehrenhaus* factors are

not met, as long as it acts within its discretion. *Lee*, 638 F.3d at 1323. *See Archibeque*, 70 F.3d at 1174–75. The court thus examines these factors as a guide to its discretion.

### The degree of actual prejudice to the defendant

Defendant shows the Court that the content of plaintiff's disclosures has damaged the Club's relationships with approximately 44 of its members by: 1) promoting incivility; 2) prompting Club members to consider resigning; 3) prompting Club members to consider relieving the Commodore of his position; and, 4) fostering division among club members regarding this lawsuit. Plaintiff responds that such matters do not constitute actual prejudice. Dk. 61, p. 5. The Court believes that because defendant is a social club, its primary value is found in the collegiality and interactions among the members. Fostering discontent among the club's members reduces the primary value of belonging to such a club, and is prejudicial to that extent. Here, where plaintiff's suit seeks reinstatement to the Club, his acts also tend to make that remedy less workable. Further, because the crucial issue in the case is why defendant expelled plaintiff from the Club, it is foreseeable that plaintiff's e-mails reached Club members who are potential witnesses in the case. Defendant is additionally prejudiced by the very fact of plaintiff's disclosures because defendant remains strictly bound by the confidentiality provisions which plaintiff has fully disregarded, so is unable to respond to plaintiff's one-sided assertions. Lastly, the implication of plaintiff's statements in the e-mails is, at best, that defendants acted unreasonably during the mediation or in refusing plaintiff's offer to settle, which only increases the animosity between the parties and prejudices defendant in its efforts to resolve this case. The court finds definite prejudice to defendant from plaintiff's breach of confidentiality.

**The amount of interference with the judicial process**

The degree of obstruction to the judicial process by plaintiff's disclosures is great. Plaintiff's breach of confidentiality seriously undermines the effectiveness of the mediated settlement proceedings and the important public policy it serves. Alternative dispute resolution (ADR) is becoming an increasingly important aspect of court administration, as courts and litigants seek alternatives to expensive and time-consuming litigation. "Unlike the litigation and arbitration processes, mediation does not necessarily cast the parties in an adversarial relationship. Nor do parties emerge from the mediation process as clearly defined winners and losers." *Poly Software Intern., Inc. v. Su*, 880 F.Supp. 1487, 1493 -1494 (D.Utah 1995). For that reason, mediation is the one option which is most likely to preserve an ongoing business or social relationship that might otherwise break down during a more acrimonious adversarial proceeding. *See Id.*, at 1491, n.10.

Because plaintiff has demonstrated complete disrespect for the confidential mediation process, the court sets out at length the background and principles underlying ADR's confidentiality rule.

> The purpose of the confidentiality rule is to encourage the parties to be candid with the mediator by making them comfortable that their positions, willingness to settle, weaknesses of their case, etc. will not prematurely influence the trial judge. Both the United States Congress and the Court of Appeals for the Tenth Circuit, in which this Court sits, recognize that the guarantee of confidentiality is essential to the proper functioning of a settlement program. *See* Alternative Dispute Resolution Act, 28 U.S.C. § 652(d) (each district court shall, by local rule, provide for the confidentiality of the mediation process and prohibit disclosure of confidential mediation communications); *Clark v. Stapleton Corp.*, 957 F.2d 745, 746 (10th Cir. 1992) (for settlement program to be successful, participants must trust that matters discussed at a settlement conference will not be revealed).

*New Mexico ex rel. State Engineer v. Aamodt*, 582 F.Supp.2d 1313, 1320 (D.N.M.

2007).

In passing the Alternative Dispute Resolution Act of 1998 ("ADR Act"), Congress declared its "view on the importance of alternative dispute resolution, and the need for confidentiality...." *Fields-D'Arpino v. Rest. Assocs., Inc.*, 39 F.Supp.2d 412, 417 (S.D.N.Y. 1999). The ADR Act "includes an express statement of federal policy that communications occurring in mediations sponsored by federal district courts should be confidential." *Olam v. Cong. Mortgage Co.*, 68 F.Supp.2d 1110, 1121 (N.D.Cal. 1999) The ADR Act requires each federal district court to authorize the use of alternative dispute resolution processes by local rule in all civil actions, and to implement its own alternative dispute resolution program. *See* 28 U.S.C. § 651(b). The ADR Act further requires that "each district court shall, by local rule ... provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 652(d). By safeguarding the trust of the parties in the individual case, the confidentiality requirement serves the broader purpose of fostering alternative dispute resolution, in general.

Confidentiality is paramount to the success of a mediation program because it encourages candor between the participants and prevents them from using mediation as a discovery tool.

> ... it is beyond doubt that maintaining the confidentiality of mediation communications is a *sine qua non* for preserving the integrity of court-sponsored mediation sessions. ... "the success of mediation depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case; and upon the ability of the mediator to maintain a neutral position while carefully preserving the confidences that have been revealed...." *In re County of Los Angeles*, 223 F.3d 990, 993 (9th Cir. 2000) (quoting *Poly Software Int'l, Inc. v. Su*, 880 F.Supp. 1487, 1494 (D.Utah 1995)). Indeed, "[t]he assurance of confidentiality is essential to the integrity and success

> of the [c]ourt's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys." *In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002). As a result, "[c]ourts routinely have recognized the substantial interest of preserving confidentiality in mediation proceedings as justifying restrictions on the use of information obtained during the mediation ." *In re Anonymous*, 283 F.3d at 634 (citations omitted).

*Jones v. Metropolitan Life Ins. Co.,* 2010 WL 4055928, 10 (N.D. Cal. 2010).

The need for confidentiality is heightened where, as here, participation in ADR is mandatory.

> Furthermore, "where participation is mandatory and the mediation is directed and sanctioned by the [c]ourt, 'the argument for protecting confidential communications may be even stronger because participants are often assured that all discussions and documents related to the proceeding will be protected from forced disclosure.' " *In re Anonymous*, 283 F.3d at 637 (quoting *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F.Supp.2d 1164, 1176 n. 9 (C.D.Cal. 1998)); *see also Olam*, 68 F.Supp.2d at 1124 ("[w]e assume that when it adopted § 652(d) Congress' primary purpose was to encourage maximum use of court-sponsored mediation opportunities, and that Congress believed that litigants and lawyers would not realize the full potential of mediation unless they believed the proceedings would be confidential").

*Jones*, at 10.

Plaintiff's brief contends that plaintiff's disclosures have not interfered with the judicial process because "[b]oth the Magistrate and District Judge ... are capable of ignoring references to monetary offers in deciding whether plaintiff's expulsion violated the ADA." Dk. 61, p. 5. Plaintiff errs in presuming that either the Magistrate or the District Judge has been informed of the monetary offers made by the parties.[3]  But plaintiff fails to address the impact of his acts on this district's mandatory mediation

---

[3]The Court notes that it has no knowledge of the amount or range of any monetary offer, as this information has properly been redacted from the copies of the e-mails of record.

9

process. Plaintiff's acts, if left unsanctioned, would illustrate to other litigants that this district's confidentiality rule is unenforceable. Parties will not feel free to engage in candid settlement talks if they fear that their positions can be later disclosed at will, whether in attempts to turn potential witnesses against them, or otherwise. Plaintiff's complete disclosure of confidential information from the mediation has seriously undermined the effectiveness of the mediated settlement proceedings and flouted this court's authority, warranting serious sanctions.

### The culpability of the litigant

Plaintiff's brief does not contend that plaintiff did not know the information he disclosed was confidential, or that plaintiff did not know the mediation proceeding was subject to confidentiality constraints. Plaintiff's admissions in his deposition show that his disclosure of confidential information to club members and non-club members was intentional. He stated that he "absolutely" disclosed information from the mediation to club members because he believed they "had a right to know." Dk. 49, Exh. H., p. 3. Similarly, he admitted that he disclosed information from the mediation to non-club members because they were his friends and were concerned. *Id.*[4] Accordingly, the Court finds plaintiff's breach to have been done knowingly and willfully.

### Advance warning

This Court has not warned the plaintiff that dismissal of his action would be a likely sanction for breaching the mediation confidentiality rule. But "such a warning is not

---

[4] If plaintiff truly believed his need to disclose such information outweighed the importance of protecting its confidentiality, he should have sought court approval prior to any disclosure. *See ADR L.R. 6-12, Commentary; ADR Decision 09-001 at 6:9-18 (underscoring need to seek prior court approval).*

always necessary." *In re Hopkins*, 162 F.3d 1173 (Table) (10th Cir.1998). Plaintiff knew the mediation was court-ordered, knew the mediation was confidential, and knew or should have known that his complete disregard for the required confidentiality would subject himself to a just and corresponding sanction. Plaintiff was put on notice of the possibility of dismissal of his case by the filing of defendant's motion to dismiss. Plaintiff has had a full, fair opportunity to respond to that motion, and has substantively responded to that motion. Accordingly, plaintiff's claims of lack of due process are meritless.

**The efficacy of lesser sanctions**

The thrust of plaintiff's opposition to the motion to dismiss is that the sanction of dismissal is too harsh, and that no sanction is necessary. Plaintiff's sole suggested remedy for plaintiff's violation is for defendant to present, in its monthly newsletter to its membership, "whatever points its Board of Governors deems necessary to respond to criticisms from some of its members." Dk. 61, p. 3. But defendant cannot effectively respond to plaintiff's disclosures without breaching the confidentiality required by Local Rule 16.3, compounding the problem. Any response by defendant that would be vague enough to comply with the Rule, which prohibits the disclosure of "anything that happened or was said, any position taken, and any view of the merits of the case formed by any participant ...,"  would necessarily be ineffective to counter the specific assertions in plaintiff's e-mails. The Court views plaintiff's frivolous suggestion as demonstrating plaintiff's continuing cavalier attitude toward the confidentiality rule which he breached, and toward the Court's authority.

Having considered the totality of the circumstances, the Court finds that no

sanction less than dismissal of the case would adequately admonish the plaintiff for his complete disregard for and willful violation of the confidentiality rule, deter similar conduct by others in the future, restore respect for this Court's authority, repair the damage caused by plaintiff to the integrity of the Court's ADR program, and minimize prejudice to the defendant. Accordingly, the case shall be dismissed as a sanction for plaintiff's violation of this Court's confidentiality rule regarding mediation.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Dk. 48) is granted.

IT IS FURTHER ORDERED that plaintiff's case is dismissed with prejudice.

Dated this 20th day of July, 2011.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge